IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DELVIN STAFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV731 |
| | ) | |
| SERGEANT STOUT, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Devin Stafford, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). The Complaint names four officers employed at the Guilford County Detention Center in High Point, North Carolina, as Defendants. He alleges that Defendants Officer Land and Captain Rogers assaulted him and that Defendant Sergeant Stout assisted them and did not prevent the assault. The Complaint alleges that the fourth Defendant, First Lieutenant Childessler, denied Plaintiff a grievance concerning the incident. Plaintiff seeks damages from the Defendants.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

As set out above, the Complaint sets out claims against Defendants Stout, Rogers, and Land based on their roles in an alleged assault against Plaintiff. Upon review of the

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

Complaint, the undersigned finds that the Complaint states a claim against these Defendants based on their alleged use of excessive force. However, the Complaint names Defendant Childessler as a Defendant based purely on an allegation that he denied Plaintiff a grievance. This is not sufficient to state any claim for relief as to Defendant Childessler because there is no substantive due process right to a prison grievance procedure. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State). Therefore, the Court should dismiss the Complaint against Defendant Childessler.

As for Plaintiff's request to proceed *in forma pauperis*, § 1915(b)(1) requires that he make an initial payment of $5.83. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE RECOMMENDED that Plaintiff's individual capacity claims against Defendants Stout, Rogers, and Land be allowed to proceed, but that his claims against Defendant Childessler be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

IT IS ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $5.83.

-3-

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of December of 2020, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:20CV731, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service of summons as to the remaining Defendants be stayed until Plaintiff either (1) submits to the Court the initial payment noted above, or (2) in the alternative submits a motion for relief from the stay, and a statement made under penalty of perjury that he has not had access to any funds for the initial payment noted above for the 20-day period.

FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.

This, the 9th day of November, 2020.

      /s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**